IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK SWAGERTY,

    Petitioner,                        No. 2:12-cv-0030 EFB P

    vs.

MATTHEW CATE,

    Respondent.                   ORDER

                              /

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636. The action proceeds on the January 5, 2012 petition. On February 21, 2012, the court directed respondent to file a response to the petition within 60 days. Dckt. No. 9. On May 15, 2012, after receiving an extension of time, respondent filed an answer to the petition. Dckt. No. 16. In the answer, respondent argued that seven of petitioner's eight claims are unexhausted, and that, in any event, all of petitioner's claims are without merit. *Id*. at 2-3.

       On June 15, 2012, petitioner filed a first amended petition. Dckt. No. 21. Six months later, on December 10, 2012, he filed a pleading with the court explaining that he mistakenly filed various unexhausted claims due to his lack of knowledge of the exhaustion requirement, but that he corrected this error by substituting exhausted claims. Dckt. No. 22. On January 23,

1

2013, based on these representations, the Court construed petitioner's first amended petition as a request to file an amended petition and ordered respondent to file an opposition or statement of non-opposition to the motion. On February 4, 2013, respondent filed an opposition, arguing that the motion to amend should be denied because it was made in bad faith, amendment would prejudice respondent, and amendment is futile. Dckt. No. 24

Because petitioner did not seek to amend his petition within 21 days of the date respondent filed an answer, *see* Dckt. No. 13, petitioner may amend the petition only with respondent's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2); Rule 12, Rules Governing Section 2254 Cases. Although respondent opposes petitioner's motion to amend, Dckt. No. 24, the rule provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, the policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Respondent contends that petitioner's motion is made in bad faith because he seeks to add new claims which he could have originally asserted. Dckt. No. 24 at 2-3. Respondent also argues that petitioner should have known that he could only submit exhausted claims because the habeas form he submitted warned him of the exhaustion requirement. *Id*. The court finds that there was no bad faith on petitioner's part. Petitioner explained that his original petition contained unexhausted claims due to his lack of legal knowledge. Dckt. No. 22. Within a month of respondent filing an answer, which argued that seven of his claims were unexhausted, petitioner filed an amended petition to remove his unexhausted claims. Petitioner acted promptly and does not appear to be acting in bad faith.

2013, based on these representations, the Court construed petitioner's first amended petition as a request to file an amended petition and ordered respondent to file an opposition or statement of non-opposition to the motion. On February 4, 2013, respondent filed an opposition, arguing that the motion to amend should be denied because it was made in bad faith, amendment would prejudice respondent, and amendment is futile. Dckt. No. 24

Because petitioner did not seek to amend his petition within 21 days of the date respondent filed an answer, *see* Dckt. No. 13, petitioner may amend the petition only with respondent's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2); Rule 12, Rules Governing Section 2254 Cases. Although respondent opposes petitioner's motion to amend, Dckt. No. 24, the rule provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, the policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Respondent contends that petitioner's motion is made in bad faith because he seeks to add new claims which he could have originally asserted. Dckt. No. 24 at 2-3. Respondent also argues that petitioner should have known that he could only submit exhausted claims because the habeas form he submitted warned him of the exhaustion requirement. *Id*. The court finds that there was no bad faith on petitioner's part. Petitioner explained that his original petition contained unexhausted claims due to his lack of legal knowledge. Dckt. No. 22. Within a month of respondent filing an answer, which argued that seven of his claims were unexhausted, petitioner filed an amended petition to remove his unexhausted claims. Petitioner acted promptly and does not appear to be acting in bad faith.

Respondent also argues that granting the motion would prejudice respondent because an answer has already been filed. Although permitting amendment would require respondent to spend additional time completing an amended answer, the additional work does not constitute legal prejudice and hardly warrants denying leave to amend. This is especially true considering that respondent has already, at least to some degree, addressed the merits of the two claims that petitioner now seeks to add in his opposition to petitioner's motion to amend. *See* Dckt. No. 24 at 3-5.

Lastly, respondent argues that amendment is futile because the two additional claim petition seeks to add "fail on their merits." *Id*. at 3. Essentially, respondent asks the court to decide the merits of the two exhausted claims and reject them as futile, deny the motion to amend, and at some later juncture address the merits of the pending eight claims, many of which petitioner seeks to abandon through the present motion. Handling this case in such piecemeal fashion would be a waste of scarce judicial resources. Accordingly, the court declines to deny petitioner's motion on this basis.

However, the court's independent review of the proposed amended petition reveals that granting petitioner's motion would be futile because the amended petition still asserts an unexhausted claim.[1] Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247

---

[1] A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

3

F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

In the proposed first amended petition, petitioner alleges the following claims for relief: 1) the trial court's sua sponte failure to instruct the jury that co-defendant Peterson was an accomplice as a matter of law was reversible error; 2) the sua sponte omission of lesser included offense instructions on count one resulted in a miscarriage of justice; 3) the court erred by not holding a hearing to substitute counsel as set forth in *People v. Marsden*, 2 Cal.3d 118 (1970), "as further guaranteed by the Sixth and Fourteenth Amendments;" and 4) petitioner's "mandatory, lifetime, [California Penal Code] section 290 registration violated the equal protection clauses" of the state and federal constitutions.

Petitioner presented these four claims to the California Court of Appeal, Third Appellate District. *See* Docs. Lodged ISO Def.'s Answer ("Lodg. Doc.") 5. However, the petition filed in the California Supreme Court only contained three of the four claims: 1) the trial court erred by failing to sua sponte instruct the jury on a lesser included offense for count one; 2) the trial court erred by not holding a *Marsden* hearing to safeguard petitioner's right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments; and 3) petitioner's mandatory, lifetime registration pursuant to California Penal Code section 290 violates the Equal Protection Clause. Lodg. Doc. 9. The petition for review did not contain the first claim in the proposed amended petition–the trial court erred by not instructing the jury that co-defendant Peterson was an accomplice as a matter of law–and he has not filed any habeas petitions in the California

////

Supreme Court. Thus, the first claim in the proposed amended petition has not been presented to the California Supreme Court and therefore it remains unexhausted.

Since the proposed petition contains an unexhausted claim, this court lacks the authority to grant petitioner any relief on the claims in that petition. *See* 28 U.S.C. § 2254(b)(1). However, petitioner has made clear that he wishes to proceed with only his exhausted claims and that he believed the four claims in the proposed petitioner were all exhausted. *See* Dckt. No. 22 (petitioner explaining that he "mistakenly filed the unexhausted claim[s] . . . due to lack of procedures and knowledge of filing a habeas corpus and exhausted claims; however the Petitioner has correctly submitted the exhausted claims."). Accordingly, petitioner's motion for leave to file the currently proposed amended petition is denied, but petitioner is granted an additional 30 days leave to file an amended petition containing only exhausted claims. Petitioner is reminded that his claim that the trial court erred by not sua sponte instructing the jury that co-defendant Peterson was an accomplice is--as a matter of law--unexhausted.

Based on the foregoing, it is hereby ORDERED that:

1. Petitioner's motion to amend, Dckt. No. 21, is denied without prejudice.

2. Petitioner may submit an amended petition within 30 days of the date this order is served. The petition must bear the docket number assigned to this action and be styled, "Amended Petition." The petition must also be complete in itself without reference to any prior petition.

3. In lieu of filing an amended petition, petitioner may file a traverse to respondent's answer within 30 days of the date this order is served. Should petitioner decide to file a traverse instead of an amended petition, this action will proceed on the January 5, 2013 petition and stand submitted for decision.

Dated: July 9, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE