IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SWAGERTY,<br><br>                    Petitioner,<br><br>      vs.<br><br>J. PRICE, Acting Warden, Deuel<br>Vocational Institution,[1]<br><br>                    Respondent. | No. 2:12-cv-00030-JKS<br><br>ORDER<br>[Re: Motions at Docket Nos. 40 & 43]<br>and<br>MEMORANDUM DECISION |

       Mark Swagerty, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Swagerty is currently in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Deuel Vocational Institution. Respondent has answered, and Swagerty has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

       A jury convicted Swagerty of causing, inducing, persuading, or encouraging L.F., a person under the age of 16, to become a prostitute ("pandering"), and attempting to derive support from the earnings of a prostitute ("attempted pimping"). *People v. Swagerty*, No. C064210, 2011 WL 4017527, at *1 (Cal. Ct. App. Sept. 12, 2011). The trial court found that he had served two prior prison terms and sentenced him to state prison for ten years, consisting of the upper term of eight years on Count 1 and two years for the prior prison terms, plus a

---

       [1]      J. Price, Acting Warden, Deuel Vocational Institution, is substituted for Matthew Cate, former Secretary, California Department of Corrections and Rehabilitation. FED. R. CIV. P. 25(c); Rule 2(a) of Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

-1-

concurrent upper term of four years on Count 2. *Id*. Swagerty was ordered to register as a sexual offender for the rest of his life. *Id*.

Swagerty directly appealed through counsel. The California Court of Appeal ordered the judgment modified by staying the sentence on Count 2, but otherwise affirmed in a reasoned, unpublished opinion. *Id*. at *11. Swagerty filed a counseled petition for rehearing, which the Court of Appeal also denied. Swagerty then filed a counseled petition for review to the California Supreme Court, which was summarily denied on December 14, 2011. Swagerty subsequently filed a series of five *pro se* petitions for writ of habeas corpus to the superior court, all of which were denied. On July 12, 2013, Swagerty filed a Second Amended Petition with this Court.

## II. GROUNDS RAISED

In his *pro se* Second Amended Petition to this Court, Swagerty argues as follows: 1) the trial court failed to *sua sponte* instruct on lesser included offenses of Count 1; 2) the judgment should be reversed and the trial court ordered to hold a *Marsden* hearing[2]; and 3) mandatory lifetime sexual offender registration violates principles of equal protection.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,"

---

[2] *People v. Marsden*, 465 P.2d 44 (Cal. 1970).

§ 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

IV. DISCUSSION

<u>Claim One: Failure to instruct on lesser included offenses of Count 1</u>

Swagerty first argues that the trial court erred by failing to *sua sponte* instruct the jury on two lesser included offenses of Count 1: attempted pandering and contributing to the delinquency of a minor. The Court of Appeal found no reversible error, concluding that

-3-

evidence suggesting that L.F. was already a prostitute did not entitled him to a lesser included offense instruction, and that in any event, any error was harmless. *Swagerty*, 2011 WL 4017527, at *6-7.

Swagerty's claim before this Court must ultimately fail because the United States Supreme Court has expressly declined to decide whether due process requires lesser included instructions to be given in non-capital cases, *Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980), and the Ninth Circuit has declined to extend the holding of *Beck*, which requires lesser included offense instructions supported by the evidence in capital cases, to non-capital cases, *see Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000) (per curiam) (The "failure of a state court to instruct on a lesser offense [in a non-capital case] fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." (quoting *Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir. 1984)); *see also Blakely v. Terhune*, 126 F. App'x 396, 398 (9th Cir. 2005) ("[T]here is no clearly established federal law which holds that a petitioner is entitled to a lesser included offense instruction . . . . To the contrary, the U.S. Supreme Court has held that instructions upon lesser included offenses were *not* compelled by Supreme Court precedent."). Although a criminal defendant may suffer a due process violation if the court's failure to give a requested instruction prevents a defendant from presenting his theory of the case, *Bashor*, 730 F.2d at 1240, Swagerty makes no such argument here. Swagerty's theory of the case was that he should be acquitted because L.F. was already a prostitute before she encountered Swagerty, and not that he was guilty of a lesser included offense of pandering. Given the absence of Supreme Court authority on this issue, this Court cannot say that the California Supreme Court's summary rejection of this claim was "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(a); *see also Musladin*, 549 U.S. at 77. Swagerty therefore cannot prevail on this claim.

Claim Two: Failure to hold a *Marsden* hearing

Swagerty argues that a 4-page letter he submitted to the court just prior to sentencing put the court on notice that he wanted to substitute counsel, and that the court erred in failing to hold a *Marsden* hearing. He claims that "[t]he judgment must be reversed with directions to hold a hearing, appoint new counsel, and consider a new trial motion grounded on ineffectiveness." The Court of Appeal rejected this claim on direct appeal, concluding that the trial court did not err in failing to hold a *Marsden* hearing because Swagerty had not clearly indicated that he sought the substitution of counsel. *Swagerty*, 2011 WL 4017527, at *8-10.

The Sixth Amendment right to counsel guarantees to an accused the concomitant rights to conflict-free representation and the effective assistance of counsel. *See Wheat v. United States*, 486 U.S. 153, 153 (1988); *Strickland v. Washington*, 466 U.S. 668, 686 (1984). These rights may be infringed if an accused and his counsel become embroiled in an "irreconcilable conflict." *See Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir. 2007) ("[F]orcing a defendant to go to trial with an attorney with whom he has an irreconcilable conflict amounts to constructive denial of the Sixth Amendment right to counsel." (citing *Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir. 1970) ("[T]o compel one charged with grievous crime to undergo a trial with the assistance of an attorney with whom he has become embroiled in irreconcilable conflict is to deprive him of the

effective assistance of any counsel whatsoever.")); *see also Daniels v. Woodford*, 428 F.3d 1181, 1197 (9th Cir. 2005).

However, "not every conflict or disagreement between the defendant and counsel implicates Sixth Amendment rights." *Schell v. Witek*, 218 F.3d 1017, 1027 (9th Cir. 2000) (en banc) (citing *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983). The Sixth Amendment does not require or guarantee, implicitly or otherwise, that an attorney-client relationship be "meaningful" or free of discord. *Morris*, 461 U.S. at 13-14; *see Plumlee v. Masto*, 512 F.3d 1204, 1211 (9th Cir. 2008) (en banc) ("[Petitioner] has cited no Supreme Court case—and we are not aware of any—that stands for the proposition that the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts, but with whom the defendant refuses to cooperate because of dislike or distrust."). Rather, an asserted conflict crosses the constitutional threshold "only where there is a complete breakdown in communication between the attorney and client, and the breakdown prevents effective assistance of counsel." *Stenson*, 504 F.3d at 886 (citing *Schell*, 218 F.3d at 1026); *Daniels*, 428 F.3d at 1197 (the nature and extent of the conflict must be such as to "deprive[] the defendant of representation guaranteed by the Sixth Amendment" (citing *Schell*, 218 F.3d at 1027)). Denial of a *Marsden* motion to relieve and/or substitute appointed counsel may implicate these Sixth Amendment concerns. *Schell*, 218 F.3d at 1021 ("Normally, the essence of such a motion is that appointed counsel's representation has in some significant way fallen below the level required by the Sixth Amendment.").

On habeas review, the ultimate constitutional question is whether the state court's disposition of a *Marsden* motion violated the petitioner's right to counsel because the asserted conflict between the petitioner and appointed counsel "had become so great that it resulted in a

total lack of communication or other significant impediment that resulted in turn in an attorney-client relationship that fell short of that required by the Sixth Amendment." *Id.* at 1026.  If the Court determines the existence of a conflict so serious that it "resulted in the constructive denial of assistance of counsel, no further showing of prejudice is required," and the "trial shall be presumed to have been unfair." *Id.* at 1027-28 (citing *Strickland*, 466 U.S. at 692).  "If the serious conflict did not rise to the level of a constructive denial of counsel, [the petitioner] would have to prove he was prejudiced by the conflict." *Id.* at 1028.

The Ninth Circuit has identified three factors guiding the reviewing court's determination of whether a conflict with counsel was "irreconcilable" such that the substitution of counsel was constitutionally required.  Foremost, the court should consider the nature and extent of the conflict; namely, the cause of the conflict and the circumstances in which it developed, and whether the defendant had legitimate reasons for the loss of confidence in his counsel. *See id.* at 1026-27 & n.8 (the reviewing court should determine how far the attorney-client relationship had deteriorated and whether any conflict was of the defendant's "own making" or arose from decisions properly left to counsel).  In this regard, "[d]isagreements over strategical or tactical decisions do not rise to [the] level of a complete breakdown in communication." *Stenson*, 504 F.3d at 886 (citing *Schell*, 218 F.3d at 1026); *see also United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003) (holding that a dispute with respect to trial tactics "is not a sufficient conflict to warrant substitution of counsel"); *United States v. Wadsworth*, 830 F.2d 1500, 1509 (9th Cir. 1987) ("[A]ppointed counsel, and not his client, is in charge of the choice of trial tactics and the theory of defense.").  The court should also consider the adequacy of the inquiry and the timeliness of the motion to substitute counsel. *Stenson*, 504 F.3d at 886; *Schell*, 218 F.3d at

1024-25. Particularly, the court should examine whether the inquiry undertaken by the trial court was "such [as] necessary . . . [to] ease the defendant's dissatisfaction, distrust and concern" and whether the inquiry conducted "provide[d] a sufficient basis for reaching an informed decision . . . regarding whether to appoint new counsel." *Stenson*, 504 F.3d at 886 (citations and internal brackets and quotation marks omitted); *see also Schell*, 218 F.3d at 1025.

Swagerty certainly was not clear that he wanted to substitute counsel. In fact, on numerous occasions he insisted that he was not seeking the substitution of counsel, but rather stating that he merely disagreed with how counsel was proceeding. Even if Swagerty's complaints should have put the trial court on notice that he sought the substitution of counsel, he has failed to demonstrate a conflict so serious that it resulted in the constructive denial of counsel. With respect to his claim that his counsel impermissibly waived his right to a speedy trial by seeking continuances over his objection, and that counsel sought continuances that he did not believe were justified, the Supreme Court has held that an attorney may waive her client's speedy trial right without express permission because "[s]cheduling matters are plainly among those for which agreement by counsel generally controls," and that "[r]equiring express assent from the defendant himself for such routine and often repetitive scheduling determinations would consume time to no apparent purpose." *New York v. Hill*, 528 U.S. 110, 115 (2000). Similarly, with respect to his argument that counsel failed to call or recall certain unidentified witnesses, the ultimate decision of whether to call witnesses is well within counsel's "full authority to manage the conduct of the [proceeding]." *Taylor v. Illinois*, 484 U.S. 400, 418 (1988) ("Putting to one side the exceptional cases in which counsel is ineffective, the client must accept the consequences of the lawyer's decision . . . to decide not to put certain witnesses on the

stand . . . ."); *Lord v. Wood*, 184 F.3d 1083, 1095 (9th Cir. 1999). Swagerty also complains that counsel advised him to take a three-year plea offer, but "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). His claim that his counsel and the prosecutor failed to produce certain custodians of record in violation of his right to confrontation is also without merit. According to the record, counsel for both parties stipulated to the chain of custody of the evidence in question, and "[i]t has been consistently held that the accused may waive his right to cross examination and confrontation . . . by the accused's counsel as a matter of trial tactics or strategy." *Wilson v. Gray*, 345 F.2d 282, 286-87 (9th Cir. 1965). Swagerty's claim that counsel "refused to find" or "withheld" a photo of L.F. in her underwear and bra is belied by the record. The parties agreed that although the photo might have existed at one time, it no longer existed at the time Photo Chatter's records were subpoenaed. In any event, defense counsel cross-examined L.F. about that photo and her motivation for posting it along with her telephone number on Photo Chatter. Finally, Swagerty's claims that counsel failed to help him when he notified her that his hearing aid batteries were dead is completely contradicted by the record. Both defense counsel and the court took steps to ensure that he could hear and participate in the proceedings against him. Swagerty has thus failed to establish a conflict so serious that it "resulted in the constructive denial of assistance of counsel." *Schell*, 218 F.3d at 1027-28 (citing *Strickland*, 466 U.S. at 692). Rather, his complaints are with trial strategy or completely contradicted by the record, and he is not entitled to relief on this claim.

Claim Three: Mandatory lifetime registration as a sexual offender

Swagerty next argues that lifetime registration of sexual offenders, which is mandated by California Penal Code § 290, violates the Equal Protection Clause. The Court of Appeal concluded that Swagerty forfeited this contention by failing to object to the registration requirement at trial when the prosecutor proposed it or at sentencing when the court imposed it. *Swagerty*, 2011 WL 4017527, at *11.

Because the state appellate court found Swagerty's claim was forfeited under California's contemporaneous objection rule, the claim is procedurally defaulted from federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (a federal court will not review a claim if the state court's rejection of the claim rests on a state law ground that is independent of the federal question and adequate to support the judgment). The Ninth Circuit has repeatedly recognized and applied the California contemporaneous objection rule in affirming denial of a federal habeas petition on grounds of procedural default where there was a complete failure to object at trial. *See, e.g.*, *Inthavong v. Lamarque*, 420 F.3d 1055, 1058 (9th Cir. 2005); *Paulino v. Castro*, 371 F.3d 1083, 1092-93 (9th Cir. 2004); *Rich v. Calderon*, 187 F.3d 1064, 1070 (9th Cir. 1999); *Bonin v. Calderon*, 59 F.3d 815, 842-43 (9th Cir. 1995). Because the state appellate court held that the claim was forfeited under California's contemporaneous objection rule, Swagerty's equal protection claim may be deemed procedurally unless he can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Swagerty has not made such a showing and accordingly cannot prevail on this claim.

Motion at Docket No. 40

At Docket No. 40, Swagerty filed a "Motion to Dismiss with Prejudice Due to Denying (ADA) Petitioner the Benefit of Services, Activities, or Programs, Discrimination."  Docket No. 40.  Swagerty seeks "dismissal with prejudice" on the ground that "the District Attorney, Public Defender and courts den[ied] [him] his rights under [the] American with Disabilities Act [and] benefits of the services, activities or programs."  Docket No. 40 at 1.  He also claims that he is currently living in "inhumane conditions," is suffering "[cruel] and unusual punishment," is not receiving medical treatment, and that the state prison is overcrowded.  Docket No. 40 at 1.  Swagerty's motion is denied.  His complaints concern conditions of confinement properly addressed under 42 U.S.C. § 1983.

Motion at Docket No. 43

At Docket No. 43, Swagerty filed a motion requesting this Court's permission to submit a supplemental brief arguing that he was subject to an illegal search and seizure when, after he was arrested and in jail, the police took his cell phone and used it to send a message about L.F.  Docket No. 43 at 1.  He also claims that cell phone records were used to convict him, and that he did not consent to "this illegal search and seizure which violated [his] 14th Amendment [rights]."  Docket No. 43 at 1.  Swagerty suggests that an unidentified United States Supreme Court case decided on June 26, 2014, would entitle him to relief.  *Id*.  He requests a "rehearing," "remand," evidentiary hearing, dismissal with prejudice and a new trial.  Docket No. 43 at 1.

Swagerty appears to be referring to *Riley v. California*, in which the United States Supreme Court held that the police generally may not, without a warrant, search digital information on a cell phone seized from an individual who has been arrested.  134 S. Ct. 2473,

2485 (2014).  Swagerty's motion is denied.  *Riley* does not provide retroactive relief, and California has procedures for asserting search and seizure claims.  *Stone v. Powell*, 428 U.S. 465 (1976); *Woolery v. Arave*, 8 F.3d 1325, 1326-27 (9th Cir. 1993).

## V. CONCLUSION AND ORDER

Swagerty is not entitled to relief on any ground raised in his Second Amended Petition.

**IT IS THEREFORE ORDERED THAT** the Second Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that Swagerty's motions at Docket Nos. 40 & 43 are **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: August 20, 2014.

                                               /s/James K. Singleton, Jr.
                                              JAMES K. SINGLETON, JR.
                                              Senior United States District Judge